IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 15-CV-1186-SMY-RJD |
| NICANOR PLIEGO-DIAZ and JANE L. MALDONADO, Individually and d/b/a LAS TRES MARGARITAS INC. d/b/a LA PARRILLA MEXICAN RESTAURANT and LAS TRES MARGARITAS INC. d/b/a LA PARRILLA MEXICAN RESTAURANT, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Before the Court is Plaintiff J&J Sports Productions, Inc. Motion for Default Judgment (Doc. 40). A hearing on the motion was conducted on June 14, 2017 to determine damages. For the following reasons, Plaintiff's motion is **GRANTED**.

Plaintiff J & J Sports is a California corporation that owns the licensing rights to satellite and cable broadcasts of sporting events, including professional boxing matches. Plaintiff contracts with entities across the country (including restaurants and sports bars and the like) to permit those entities to broadcast fights in their establishments. Those establishments receive the broadcast signal and permission to exhibit the fight to their patrons.

Plaintiff alleges that on September 14, 2013, Defendants intercepted its signal and broadcasted a televised middleweight championship match between Floyd Mayweather, Jr., and Saul Alvarez in their establishment known as "Las Tres Margaritas Inc." It asserts violations of

47 U.S.C. §§ 553 and 605 of the Federal Communications Act, commonly referred to as the "piracy statutes."

Plaintiff moved for entry of default on May 3, 2017 (Doc. 38), and an entry was issued by the Clerk of Court the following day (Doc. 39). On May 5, 2017, Plaintiff moved for default judgment against Defendants (Doc. 40).

The Court conducted a hearing to determine damages on default Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. Following the hearing, the Court permitted J&J Sports to supplement its motion in order to provide documentation of its attorneys' fees (*see* Doc. 42).

## Discussion

Under Federal Rules of Civil Procedure 55, the Court may enter a judgment by default when the non-moving party has "failed to plead or otherwise defend" itself. Fed. R. Civ . P. 55(a). The decision to grant or deny default judgment lies within the district court's discretion and is only reviewed for abuse of discretion. *Homer v. Jones–Bey,* 415 F.3d 749, 753 (7th Cir. 2005). "As a general rule, a default judgment establishes, as a matter of law, that defendants are liable to plaintiff as to each cause of action alleged in the complaint as long as plaintiff's allegations are well-plead." *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.,* 722 F.2d 1319, 1323 (7th Cir. 1983).

However, complaint allegations regarding damages are not deemed true on default. *In re Catt,* 368 F.3d at 793 (citations omitted); *Dundee Cement Co.,* 722 F.2d at 1323 (citations omitted). Instead, the district court must determine with reasonable certainty the proper amount to award as damages to the prevailing party. *Id.* The determination can be made either based upon an evidentiary hearing or from "definite figures contained in the documentary evidence or

in detailed affidavits." *Dundee Cement Co.,* 722 F.2d at 1323 (citations omitted); *see also In re Catt,* 368 F.3d at 793.

A claimant entitled to relief under § 605 may elect actual or statutory damages pursuant to § 605(e)(3)(C)(I). Statutory damages may range from a minimum of $1,000 to a maximum of $10,000, in the court's discretion. 47 U.S.C. § 605(e)(3)(C)(i)(II). In this case, Plaintiff seeks statutory liquidated damages, in the amount of $8,800.00. It also seeks a deterrence factor in the amount of $5,000.00. Finally, under § 605(e)(3)(B)(iii), Plaintiff requests an award of attorneys' fees and costs in the amount of $9,336.50.

In support of its request for damages, Plaintiff submitted its rate card, indicating what it would have charged Defendants to show the fight based on the maximum capacity of the facility where the event was to be broadcast (Doc. 40-3). Based on the rate card, Defendants would have been charged a standard rate of $2,200.00.

After consideration of the evidence, argument of Plaintiff's counsel, and review of the authority submitted by Plaintiff, the Court finds that Plaintiff is not entitled to its request of "deterrence factor" damages in the amount of four times the baseline ($8,800.00). Accordingly, Plaintiff is awarded statutory damages of $2,200.00.

Finally, under 47 U.S.C. § 605(e)(3)(B), if a violation is found, attorneys' fees and costs are mandatory. However, Plaintiff's request for attorneys' fees is inflated and unreasonable. Prior to the hearing, Counsel requested fees in the amount of $4,816.50. Based on a supplemental affidavit for attorneys' fees filed by Counsel following the hearing, Plaintiff seeks additional fees of $4,520.00 for preparing for, travel to and from, and attending the hearing on the motion for default judgment.

The Court finds it significant that Counsel requested to supplement the attorney's fee request only after the Court indicated that it was not inclined to award the requested "deterrence factor" damages of $8,800.00. But the supplemental request may not be improperly used as a method to "make up the difference." Moreover, the bulk of the additional requested fees is for travel time to the hearing. However, Plaintiff has provided no documentation that is obligated to reimburse Counsel's travel time. Accordingly, the Court awards Plaintiff attorneys' fees and costs in the amount of $6,016.50.

The Clerk of Court is **DIRECTED** to enter default judgment in favor of Plaintiff J&J Sports Productions, Inc. and against the Defendants in the amount of $8,216.50.

**IT IS SO ORDERED.**

**DATED: March 30, 2018**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**
